UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYA KAMAL M AL TAHA and HERSHELL GEORNELL CALDWELL,<br><br>Plaintiffs,<br><br>v.<br><br>PAMELA BONDI; KRISTI NOEM; JOSEPH B. EDLOW; TODD M. LYONS; and DANIEL A. BRIGHTMAN,<br><br>Defendants. | Case No.: 3:26-cv-571-JES-DDL<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; and**<br><br>**(2) DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[ECF Nos. 3, 4]** |

Before the Court are Plaintiffs' ex parte motions for a preliminary injunction and for a temporary restraining order. ECF Nos. 3, 4. Pursuant to the Court's order, Defendants filed a response. ECF No. 7. On February 6, 2026, the Court held a hearing on the motions. ECF No. 8. After due consideration, and for the reasons stated below, the Court **DENIES** both motions.

Plaintiff Maya Kamal M Al Taha ("Al Taha") is a citizen of Saudi Arabia. ECF No. 1 ¶ 21. On March 27, 2024, she married Plaintiff Hershell Geornell Caldwell, a United States citizen. *Id.* ¶ 22. On July 10, 2024, she entered the United States on a B-2 Visa to

meet her in-laws. *Id.* ¶ 21. She acknowledges that the B-2 Visa is only valid for up to a year, and she overstayed her visa by remaining in the United States. *Id.* Plaintiff Al Taha has since filed for adjustment of status through Plaintiff Caldwell, her United States citizen spouse. *Id.* ¶ 23. She now has a pending I-485 Application to Adjust Status, and has a mandatory interview scheduled for February 10, 2026. *Id.* ¶¶ 24, 27. Plaintiffs allege that Defendants now have a policy of detaining family-based petitioners, such as herself, at their mandatory adjustment of status interviews. *Id.* ¶ 28. In her motions, she seeks an order from this Court to prevent her detention at her February 10 interview.

The standard for issuing a TRO is identical to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Generally, a TRO is considered "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

As stated in the hearing, the Court finds that Plaintiffs have not shown that they are "likely to suffer irreparable harm in the absence of preliminary relief." *See Winter*, 555 U.S. at 20. In support of the motions, the evidence that Plaintiffs submit focuses on observations from attorneys about a few handful of detentions they witnessed in the last few months, but nothing that substantiates the likelihood that Plaintiff Al Taha herself will be detained at her interview. ECF No. 3 at Ex. 2 (declarations from attorneys); Ex. 3 (newspaper articles). During the hearing, Defendants' counsel represented that she was not aware of any plan at least to detain Plaintiff Al Taha. Without more particularized facts or evidence, the Court finds that Plaintiffs have failed to meet their burden to show that they are entitled to injunctive relief. *Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction

based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Accordingly, the Court **DENIES** both the motion for TRO and for preliminary injunction. The Court **ORDERS** the parties to file a joint status report by **February 12, 2026,** to advise the Court on the results of Plaintiff Al Taha's interview and whether she was detained.

**IT IS SO ORDERED.**

Dated: February 9, 2026

Honorable James E. Simmons Jr.
United States District Judge